### FAIRFIELD COUNTY, JANUARY TERM, A. D. 1791.

### LAWRENCE V. KNAP AND MENZEY.

The interest in a mortgage, accompanies the interest in the debt, for which it is a collateral security.

PETITION in chancery; showing that        Lownsbury was indebted to Plat, for which he gave his note and a mortgage as collateral security; which deed was recorded. Plat was indebted to Hunter, and for a valuable consideration assigned said note to him at the same time delivered him said mortgage deed. Hunter assigned said note to the petitioner for a debt which he owed him and also delivered to him said mortgage.

The petitionees attached the mortgaged lands and had them set off to them on executions, as Plat's estate, in satisfaction of debts due from Plat to them. The petitioner had recovered judgment in ejectment for said lands in Plat's name and had

taken possession, and now prays that the petitionees may be compelled to release to him their right and title to said premises, or that he be in some way quieted in his right to said lands.

This cause was twice argued. The court now granted the petition and passed a decree against Menzey; Knap having deceased pending the suit, for him to release all his right to said mortgaged premises; upon the principle that the petitioner owned the debt for which said mortgage was given as collateral security — that he who is entitled to the debt, which is the principal thing, hath right to all the collateral securities, given to insure the payment of the debt; especially as in this case, where the actual delivery of the mortgage accompanied the assignment of the note, of which the petitionees had notice. Powel on Mor. 50, 298, 303; 2 Burr. 979.

Afterwards a petition was brought against the heirs of Knap and a similar decree passed against them — notwithstanding they had purchased the equity of redemption of Lownsbury, which might entitle them to redeem, but was no bar to the petition.